IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

S. KEITH CURRAN and RHONDA CURRAN                                     PLAINTIFFS

VS.                                   Case No. 03-CV-1184

WASHINGTON MUTUAL BANK, FA                                             DEFENDANT

MEMORANDUM OPINION

This putative class-action lawsuit involves Plaintiffs S. Keith Curran and Rhonda Curran ("the Currans") and Mardi and Paul Weems' ("the Weems")(collectively "Plaintiffs") allegations that Defendant Washington Mutual Bank, FA, ("WMB") breached their mortgage agreements and violated certain provisions of the Real Estate Settlement Procedure Act, 12 U.S.C. § 2601 et seq. (RESPA) when it charged certain fees in connection with the payoff of their home mortgage loans. Before the Court is WMB's motion for summary judgment. (Doc. 41). Plaintiffs have filed a response. (Doc. 47). The Court finds this motion ripe consideration, and upon consideration, for the following reasons, finds the motion should be granted in its entirety and Plaintiffs' claims should be and hereby are dismissed with prejudice.

I.  **Background**

The Currans owned a single-family home in Crossett, Arkansas. The Currans now live in Florida. The Weems own and live at a home located at 2707 Wise Street in Crossett, Arkansas. WMB is a federally-chartered savings association that is in the business of originating, purchasing and servicing loans secured by residential real property and has its principal place of business in Seattle, Washington.

In October 2001, the Currans obtained a mortgage loan from First National Bank of Crossett that was memorialized by a promissory note and secured by a mortgage. WMB succeeded First National Bank of Crossett as the owner of the Currans' note, the party-in-interest to the Currans' mortgage and the servicer of the Currans' note and mortgage.

In 2003, the Currans decided to payoff their loan. On March 28, 2003, the Currans' escrow agent, Diane Rutledge of First National Bank of Crossett, requested that WMB fax to her a written payoff statement that would reflect the Currans' loan balance with WMB. Rutledge utilized WMB's interactive voice-response system to make this request. WMB responded to the this request and faxed a payoff statement to Rutledge. In connection with this transaction, WMB assessed the Currans a $15.00 "fax fee."

In April 1999, the Weems obtained a note and mortgage loan from Portland Bank of Crossett that was memorialized by a promissory note and secured by a mortgage. WMB succeeded Portland Bank of Crossett as the owner of the Weems' note, the party-in-interest to the Weems' mortgage and the servicer of the Weems' note and mortgage.

In a similar fashion to the Currans, the Weems decided to payoff their loan in 2002. On May 9, 2002, Liberty Title requested a payoff statement from WMB. WMB responded to this request and assessed the Weems a $60.00 fee and a $10.00 "fax fee."

## II.  Discussion

The standard of review for a motion for summary judgment is familiar and established. The Federal Rules of Civil Procedure provide that when a party moves for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c); Krenik v. County of Le Sueur, 47 F.3d 953 (8th Cir. 1995).

The Supreme Court has issued the following guidelines to help determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial . . . whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). See also Agristor Leasing v. Farrow, 826 F.2d 372 (8th Cir. 1987); Niagra of Wisconsin Paper Corp. v. Paper Indus. Union-

Management Pension Fund, 800 F.2d 742, 746 (8th Cir. 1986).

The burden of proof is on the moving party to set forth the basis of its motion. Donovan v. Harrah's Maryland Heights Corp., 289 F.3d 527, 529 (8th Cir. 2002), citing Celotex Corp v. Catrett, 477 U.S. 317, 323 (1986). The Court must view all facts and inferences in the light most favorable to the nonmoving party. Id., citing Matsushia Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986). The Eight Circuit Court of Appeals, in Scheer Const. Co. v. Greater Huron Development Corp., 700 F.2d 463, 465 (8th Cir. 1983), quoting Burst v. Adolph Coors Co., 650 F.2d 930, 932 (8th Cir. 1981), in a case involving the entry of summary judgment, stated:

> [w]hen a motion for summary judgment is made and supported by affidavits, the party opposing the motion may not rest on the allegations in his pleadings but must resist the motion by setting forth specific facts that raise a genuine issue of fact for trial.

Where the party moving for summary judgment does not bear the burden of proof at trial, the party must demonstrate that there is an absence of evidence to support the non-moving party's case. Buck v. F.D.I.C., 75 F.3d 1285, 1289 (8th Cir. 1996), citing and quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party satisfies this requirement, the burden shifts to the non-movant who must set forth specific facts showing that there is a genuine issue for trial. Id., citing and quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

To establish a genuine issue of fact sufficient to warrant trial, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., 475 U.S. at 586. Instead, the nonmoving party bears the burden of setting forth specific facts showing there is a genuine issue for trial. Anderson, 477 U.S. at 248. Guided by this standard of review, the Court considers WMB's summary judgment arguments.

A. **WMB is entitled to summary judgment in its favor for plaintiffs' first breach of contract claim because the only reasonable conclusion that can be drawn from the summary judgment evidence is that the challenged fees were not uniquely associated with prepayment.**

Plaintiffs' mortgage notes each contain a provision which states that borrowers have the

-3-

right to make payments of principal only (in full or in part) without paying a prepayment charge. Specifically, the Currans' note provides:

> 4.    BORROWER'S RIGHT TO PREPAY.
>
> I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." . . . I may make a full Prepayment or partial Prepayment without paying a Prepayment charge.

The Weems' note contains a substantially similar prepayment charge prohibition.

Plaintiffs argue that the fees assessed to them violate the provision of their mortgages which prohibit prepayment charges. WMB respond that although these fees were charged in connection with the Plaintiffs' repayment of their mortgage loans, the fees are not particularly associated with prepayment, so they cannot constitute a prepayment charge. The Court agrees with WMB.

Other courts have addressed this issue and have held that "fax fees" and "payoff statement fees" were not in violation of the prepayment prohibition of a mortgage when they could be incurred when a borrower in other circumstances besides prepayment. See Goldman v. First Fed. Sav. & Loan Ass'n, 518 F.2d 1247, 1252 (7th Cir. 1975)(holding a charge is a prepayment penalty when it is imposed at the time of prepayment and would not have been imposed if the note were paid at maturity instead of at an earlier date); Cappellini v. Mellon Mortgage Co., 991 F.Supp.31, 38 (D. Mass. 1998)("[P]repayment charges are those which are peculiarly associated with prepayment alone."); Krause v. G.E. Capital Mortgage Serv., Inc., 731 N.E.2d 302, 307 (Ill. App. Ct. 2000)("[F]ees that could be imposed in connection with a payment in full at maturity, fees that are an addition to the loan principal, or fees that must be paid regardless of whether the loan is prepaid do not constitute prepayment penalties."); Colangelo v. Norwest Mortgage, Inc., 598 N.W.2d 14, 19 (Minn. Ct. App. 1999)("[T]he fax fee is not contingent solely on prepayment of the mortgage . . . [i]t can be incurred at any time and is not imposed only when a borrower attempts to prepay the mortgage . . . [t]hus, the fax fee does not constitute a prepayment penalty barred by the terms of the mortgage agreements.").

This Court is inclined to agree with this line of decisions. WMB has produced evidence which shows that the challenged fees can be assessed when payment at maturity is being contemplated (but not made), for general information, financial planning, updating personal records, preparing personal financial statements, divorces, bankruptcies, with respect to making decisions as to whether to sell or refinance a home, and gathering general information unrelated to paying off a loan. Further, the undisputed Affidavit of Biersach shows that the fax fee incurred by the Currans was due and owing as of March 28, 2003, irrespective of whether the Currans ultimately decided to pay off their loan prior to maturity and the payoff statement fee and fax fee incurred by the Weems was due and owing as of May 9, 2002, irrespective of whether the Weems ultimately decided to pay off their loan prior to maturity. Although Plaintiffs try to clarify the test elucidated in <u>Goldman</u>, the Court finds the subsequent decisions consistent with the test in <u>Goldman</u>. The undisputed facts show that the payoff statement fee and the fax fees may be incurred regardless of whether the notes are paid at maturity or at an earlier date; therefore, the fees fail to satisfy the definition of a prepayment charge and cannot be construed to violate the mortgages' prepayment prohibitions. WMB is entitled to summary judgment on Plaintiffs' first breach of contract claim.

B. **WMB is entitled to summary judgment in its favor for plaintiffs' second breach of contract claim because there is no evidence that WMB refused to release the security instruments unless the Plaintiffs paid the challenged fees**.

The Currans' Mortgage and the Weems' Deed of Trust contain provisions which states that, upon payment in full of all secured sums, the lender shall release the security interest. Specifically, the Currans' mortgage provides:

> 23. Release. Upon payment in full of all sums secured by this Security Instrument, Lender shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

The Weems' Deed of Trust provides:

> 22. Release. Upon payment in full of all sums secured by this Security Instrument, Lender shall release this Security Instrument. The release shall be

made without charge to Borrower. Borrower shall pay any recordation costs.

The Plaintiffs allege that WMB violated these provision by refusing to release the secured sums without the payment of the challenged fees. Plaintiffs argue that the evidence shows that WMB coerces closing agents into the need for a written document–and related fee–by telling them that an oral quote is not valid and by harassing them about the pay-off amount.

The summary judgment evidence shows that the Plaintiffs did not pay the fees under protest, and Plaintiffs never complained about the fees, before, during or immediately after the transaction. The payoff statement disclosed the fees separate from the section titled "total amount to pay loan in full. Most importantly, there is no evidence that WMB would not release the security instruments if the fees were not paid. WMB is entitled to summary judgment on Plaintiffs' second breach of contract claims.

C. **Plaintiffs' RESPA, 12 U.S.C. § 2605 claims fail as a matter of law because this section does not prohibit the charging of fees for providing the payoff statements.**

RESPA, 12 U.S.C. § 2605(e) requires a loan servicer (like WMB) to provide certain information to a lender upon a "qualified written request." In this case, the Plaintiffs' agents requested payoff statements from WMB and were charged fees in connection with this transaction. Although this section does not explicitly prohibit charging fees for providing this information, Plaintiffs argue that WMB is prohibited from charging for something that it is legally required to provide.

The Court will assume for purposes of this opinion only that the closing agents' telephone request for the payoff statements are qualified written requests. However, RESPA does not prohibit the charging of the fees at issue in this lawsuit. The Court has been confronted with this issue twice recently: in Eddie and Susan Watt v. GMAC Mortgage Corp., No. 03-1179, slip. Op. (W.D. Ark. August 1, 2005) and in Flora Mosley Smith v. Chase Manhattan Mortgage Corp., No. 03-1186, slip. Op. (WD. Ark. February 16, 2006). In both cases, the Court held that 12 U.S.C. § 2605(e) does not prohibit the imposition of fees upon a qualified written request.

We held, in <u>Eddie and Susan Watt v. GMAC Mortgage Corp.</u>:

> RESPA does not prohibit the imposing of fees by a lender for information in response to a request under 12 U.S.C. § 2605(e). In their complaint, the Watts allege just that–that GMAC charged them for a payoff statement in response to their qualified written request under § 2605(e). Therefore, the fees charged by GMAC were not in violation of RESPA. These facts in the complaint cannot, as a matter of law, state a claim for relief under RESPA.

<u>Eddie and Susan Watt v. GMAC Mortgage Corp.</u>, No. 03-1179, slip. op. (W.D. Ark. August 1, 2005). The Court's logic in these cases is equally applicable to the current lawsuit, and the Court adopts its reasoning from these opinions in full.

WMB is entitled to summary judgment on Plaintiffs' § 2605(e) RESPA claim as a matter of law.

D. **WMB is entitled to summary judgment in its favor on Plaintiffs' RESPA 12 U.S.C. § 2610 because this section does not provide a private cause of action, or, assuming that it did, the facts could not be reasonably construed to demonstrate that WMB violated the provisions of this section**.

The Plaintiffs' final claim is brought pursuant to 12 U.S.C. § 2610 of RESPA. This section explicitly prohibits the charging of fees (unlike 12 U.S.C. § 2605(e)) by a loan servicer in connection with the preparation of a HUD-1 Settlement Statement.

WMB is entitled to summary judgment on Plaintiffs' 12 U.S.C. § 2610 claims for two reasons. First, this section does not provide a private cause of action. See <u>McAnaney v. Astoria Fin. Corp.</u>, 357 F.Supp.2d 578, 591 (E.D.N.Y. 2005)(holding no private cause of action under § 2610). Second, it is difficult to conceive how–even if this section somehow gave Plaintiffs a cause of action–WMB violated the terms of the statute. This section explicitly prohibits the charging of fees (unlike 12 U.S.C. § 2605(e)) by a loan servicer in connection with the preparation of a HUD-1 Settlement Statement. The undisputed facts in this lawsuit show that the escrow agents used the payoff statements to prepare the HUD-1 Settlement Statements. WMB's only part in preparing the settlement statement was sending the closing agents the payoff statements. The Court finds it a logical stretch to see how WMB violated this section by simply charging a fee for providing information that another party used to prepare a HUD-1 Settlement.

WMB is entitled to summary judgment on Plaintiffs' RESPA claims.

**III.     Conclusion**

For the foregoing reasons, the Court finds the Motion for Summary Judgment should be and hereby is **granted**, and Plaintiffs' lawsuit is hereby dismissed with prejudice. A Judgment of even date, consistent with this Memorandum Opinion will issue. All other pending motions are hereby denied as moot.

**IT IS SO ORDERED** this 2nd day of March, 2006.

                                              /s/ Harry F. Barnes
                                                Hon. Harry F. Barnes
                                                U.S. District Judge